UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| JONATHAN LEE SMITH, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 7: 20-094-DCR |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate/Plaintiff Jonathan Lee Smith is currently confined at the United States Penitentiary ("USP")-Thomson in Thomson, Illinois. Proceeding without an attorney, Smith has filed a complaint against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq*. ("FTCA"). [Record No. 5] By prior Order, the Court granted Smith's motion to proceed *in forma pauperis*. [Record No. 8] Therefore, the Court now conduct a preliminary review of Smith's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

Smith alleges negligence by Bureau of Prisons ("BOP") staff related to a physical injury that occurred while he was housed at the USP-Big Sandy located in Inez, Kentucky. Specifically, Smith claims that he suffered from a shoulder injury when he was removed from the ground by BOP staff by handcuffs while his hands were cuffed behind his back, which he states violates BOP Policy. He also claims that BOP staff was negligent in the medical

---

[1] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

treatment provided for his shoulder injury. [Record No. 5] Smith seeks to pursue his negligence claims against the United States pursuant to the FTCA, which permits an action against the government for negligent or intentional acts committed by its employees during the course of their employment. *See* 28 U.S.C. § 1346(b)(1).

The Court has reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and concludes that a response is required. Because the Court has granted Smith *pauper* status, the United States Marshals Service ("USMS") will serve the Defendant with summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, it is hereby

**ORDERED** as follows:

1. The Deputy Clerk shall prepare a "Service Packet" for service upon the United States of America. The Service Packet shall include:

    a. a completed summons form;

    b. the complaint [Record No. 5];

    c. the Order granting Plaintiff *in forma pauperis* status [Record No. 8];

    d. this Order; and

    e. a completed USM Form 285.

2. The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

3. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.

-3-

4. Smith must immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

5. If Smith wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Any motion Smith files must include a written certification that he has mailed a copy of it to the Defendant or its counsel and state the date of mailing.  **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

Dated: August 14, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky