UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| JONATHAN LEE SMITH, | ) | |
| Plaintiff, | ) | Civil Action No. 7: 20-094-DCR |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Jonathan Lee Smith previously filed a Complaint against the United States under the Federal Tort Claims Act.  28 U.S.C. § 2670 *et seq*. ("FTCA")  He alleged two separate claims of negligence by federal employees.  [Record No. 5]  In a Memorandum Opinion and Order entered January 20, 2021, the Court granted Defendant's motion to dismiss Smith's first negligence claim, alleging that his shoulder was injured on April 15, 2019, when Bureau of Prisons ("BOP") employees lifted him from the ground while he was handcuffed (referred to as Smith's "negligent lifting" claim).  [Record No. 28]  This decision was based on the fact that the federal employees' decisions regarding lifting Smith fell within the FTCA's "discretionary function" exception of 28 U.S.C. § 2680(a).  The Court dismissed this claim with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  [*Id*.]

Smith's second claim (referred to as his "medical negligence" claim) alleges that, after a November 5, 2019 examination by Dr. Jack Steel at USP-Big Sandy, Dr. Steel ordered an MRI for Smith and, subsequently, an "active medical hold" was placed on him.  [Record No.

5 at p. 6] According to Smith, he was transferred to USP-Thomson on November 7, 2019, despite the medical hold. He contends that this action was negligent and in violation of BOP policy. [*Id*.] The United States also sought dismissal of this claim, arguing that it relates to medical treatment provided to Smith after he was transferred from USP-Big Sandy to USP-Thomson in Illinois and, therefore, was filed in the wrong venue. [Record No. 17]

In his Response, Smith disputed the government's characterization of this claim and made clear that his "medical negligence" claim is based on his medical care at USP-Big Sandy immediately prior to his transfer in November 2019. More specifically, he alleges that after Dr. Steel ordered an MRI on November 5, 2019, a nurse "abruptly ended" his physical therapy; the MRI was never conducted; the November 5, 2019 exam report ordering the MRI was removed from his file; and he was transferred to another prison despite an active medical hold in place and with no instructions regarding his treatment. [Record No. 26 at p. 8-9] In further support, Smith attached to his Response an "Inmate Intra-system Transfer" Form generated on November 13, 2019, showing that there was a "medical hold pending ORTHO visit." [Record No. 26-1]

The Court denied Defendant's motion to dismiss Smith's medical negligence claim, agreeing that this claim was based on allegations regarding the treatment he received at USP-Big Sandy in November 2019. [Record No. 28] However (and as more fully explained in the Court's January 20, 2021, Memorandum Opinion and Order), Smith's clarification of the factual basis for his "medical negligence" claim made it apparent that this Court does not have subject matter jurisdiction over it, as Smith could not possibly have presented this claim for administrative settlement prior to filing his lawsuit. The FTCA permits the exercise of subject matter jurisdiction over a claim only if it has been presented to the agency for administrative

settlement and the agency has denied the request. 28 U.S.C. § 2675(a); *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). If the plaintiff did not both file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal. *McNeil v. United States*, 508 U.S. 106 (1993).

Smith's Amended Complaint specifically claims the he fulfilled the presentation requirement by filing an Administrative Tort Claim form with the BOP (assigned Claim No. TRT-MXR-2019-06204), which was received by the BOP on or before August 27, 2019, and denied in January 2020. [Record No. 5 at p. 2; Record No. 5-1] However, Smith's August 2019 presentation of his claim that BOP employees acted negligently in April 2019 when Smith was lifted while he was in hand restraints could not possibly have provided adequate notice to enable the BOP to investigate the assertion that different BOP employees acted negligently when they allegedly interfered with his medical treatment after a November 2019 exam and transferred him to a different facility even though he had a medical hold in place. *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) ("Although an administrative claim need not propound every possible theory of liability in order to satisfy [the presentation requirement of 28 U.S.C. § 2675(a)] ... a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts.") (citations omitted); *Deloria v. Veterans Admin.*, 927 F2d 1009, 1012 (7th Cir. 1991). Thus, because Smith's medical negligence claim based on events occurring in November 2019 could not possibly have been raised in his administrative claim presented to the BOP in August 2019, it is evident that he failed to comply with the presentation requirement of § 2675(a) with respect to this claim.

Section 2675(a)'s requirement that an administrative claim be filed as a prerequisite to filing a civil action under the FTCA is jurisdictional and "not capable of waiver or subject to

estoppel." *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (citations omitted). *See also Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) (Section 2675(a)'s exhaustion requirement is jurisdictional) (citing *Joelson v. United States,* 86 F.3d 1413, 1422 (6th Cir. 1996)); *Mills v. United States*, 127 F.3d 1102 (6th Cir. 1997) ("The filing of an administrative claim is a jurisdictional prerequisite to the filing of a complaint under the FTCA."). Moreover, the Court has an ongoing "duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

Rule 12(h)(3) of the Federal Rules of Civil Procedure requires dismissal if the Court "determines at any time that it lacks subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(h)(3). However, because "a district court may not dismiss a complaint *sua sponte* without first giving notice to the plaintiff," *Brent v. Wayne Co. Dept. of Human Services*, 901 F.3d 656, 700 (6th Cir. 2018), the Court directed Smith to show cause in writing why the Court should not dismiss his medical negligence claim for lack of jurisdiction. Smith was further specifically instructed that, if he failed to respond to the Court's Order within the provided 21-day period, his "medical negligence" claim would be dismissed for lack of jurisdiction, as well as for the failure to comply with a Court Order. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

The 21-day period provided by the Court has now expired and there has been no Response from Smith regarding the jurisdictional issues raised by the Court in its Order.

However, on February 17, 2021, the Court received a document from Smith that the Clerk of the Court docketed as a Response to the Court's Order to Show Cause. [Record No. 29] However, the pleading is captioned: "Plaintiff's Reply to Defendants Reply in Support of Motion to Dismiss." Thus, rather than a Response to the Court's Order, Smith's recent filing is actually an impermissible sur-Reply filed in Response to the government's Reply. [Record No. 27]

For clarification, the Local Rules do not contemplate or permit the filing of a sur-Reply, LR 7.1(c), (g), and hence such filings are not permitted without first obtaining leave of the Court. And generally, such leave is only granted to address arguments or evidence raised for the first time in a reply. *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (citing *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003)). Here, the government did not raise any new arguments in its reply [Record No. 27], and Smith's tendered sur-Reply essentially reasserts arguments he made in his initial Response, claiming that the United States failed to adequately respond to these arguments. Thus, Smith's sur-Reply is neither necessary nor appropriate. Therefore, the Court will construe Smith's pleading as a motion for leave to file a sur-Reply and it will be denied.

In addition, at no point in Smith's sur-Reply does he address the Court's jurisdiction over his "medical negligence" claim. Specifically, he does not address whether he presented this claim for administrative settlement to the BOP prior to filing his lawsuit. Smith was warned that his failure to respond to the Court's Order would result in dismissal of this claim. Thus, for all of the reasons outlined above, as well as the reasons more fully set forth in the Court's January 20, 2021 Memorandum Opinion and Order [Record No. 28], the Court concludes that Smith's "medical negligence" claim must be dismissed, inasmuch as he failed

to present this claim to the BOP for administrative settlement prior to filing his lawsuit as required by 28 U.S.C. § 2675(a). Thus, having previously provided notice to Smith [Record No. 28], the Court will dismiss Smith's "medical negligence" claim *sua sponte* for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Accordingly, it is hereby

**ORDERED** as follows:

1. To the extent that Smith's filing captioned "Reply to Defendant's Reply in Support of Motion to Dismiss," docketed as a Response to Order to Show Cause [Record No. 29] seeks leave to file a sur-Reply, it is **DENIED**.

2. Smith's "medical negligence" claim related to his medical treatment and subsequent transfer in November 2019 as alleged in his Amended Complaint [Record No. 5] is **DISMISSED**, without prejudice.

3. Any pending requests for relief are **DENIED AS MOOT**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: February 19, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky